UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

DAVID R. HARDEN, )
)
*Petitioner,* )
v. ) No. 4:12-CV-37
) *Judge Mattice*
ROLAND COLSON, WARDEN )
)
*Respondent.* )

**MEMORANDUM**

The Court is in receipt of a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254 by David R. Harden ("Petitioner") which was transferred from the Middle District of United States District Court of Tennessee after receipt of the five dollar filing fee (Doc. 1). Because Petitioner's document violated Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts and failed to substantially follow the form appended to the Rules Governing Section 2254 cases, in addition to being virtually illegible and difficult to decipher, Petitioner was ordered to complete a proper § 2254 form petition and file it with the Court within thirty days from January 8, 2013, i.e. no later than February 7, 2013. Petitioner was forewarned that his failure to file a proper § 2254 petition within the specified period of time would result in the dismissal of the case.

Petitioner failed to file a proper § 2254 petition or respond to the Court's Order. Although the Court presumed Petitioner failed to abide by the order because he did not wish to pursue the matter since the record indicates he failed to exhaust his state remedies and his federal habeas petition is time-barred, out of an abundance of caution,

the Court issued a show cause order to provide Petitioner with the opportunity to provide this Court with evidence of why his habeas petition should not be dismissed for failure to prosecute, and alternatively, as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (district court may *sua sponte* dismiss habeas petition as time-barred, after giving petitioner fair notice and an opportunity to be heard). The show cause order, which was mailed to Petitioner by certified mail, return receipt requested, notified Petitioner his failure to respond to the order by March 18, 2013, would result in the dismissal of this case for failure to prosecute and follow the Court's order without further notice by the Clerk of Court. *See* Fed.R.Civ.P. 41(b). Although the Court has received proof that Petitioner received the show cause order (Doc. 13), Petitioner has not responded to the Court's February 25, 2013, show cause order.

In addition, Petitioner's habeas petition is time-barred. The record reflects Petitioner pleaded guilty to two counts of selling schedule I drugs and one count of possession of schedule I drugs for resale on December 22, 2008, and received an effective 16 year sentence in the Department of Corrections. According to the record provided by Petitioner, he neither pursued his right to appeal nor filed a state post-conviction petition. Since Petitioner did not pursue a direct appeal, his state court convictions became final on January 21, 2009, upon expiration of the 30-day time period during which he could have filed a direct appeal to the Tennessee Court of Criminal Appeals. See Tenn. R. App. P. 4(a); 28 U.S.C. § 2244(d)(1). Petitioner had one-year from the date his conviction became final in which to file his habeas petition. 28 U.S.C. § 2244(d)(1)(A).

"The one-year period of limitation is tolled by the amount of time that a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending in state court." *Jurado v. Burt*, 337 F.3d 638, 640 (2003). However, the Court's research and the record before the Court, indicates Petitioner did not filed a state post-conviction petition or other application for collateral review. Rather, Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 17, 2012, almost two and a half years after the one-year statute of limitations expired.

Therefore, the time for filing a § 2254 petition in Petitioner's case expired on January 21, 2010. Since Petitioner's § 2254 petition was filed on May 17, 2012, it is time-barred by the statute of limitations

Therefore, this action will be **DISMISSED** *sua sponte*, for failure to comply with the orders of this Court, Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991), and alternatively, because it is time-barred. 28 U.S.C. § 2244(d).

An appropriate judgment will enter.

                                      */s/ Harry S. Mattice, Jr.*
                                      HARRY S. MATTICE, JR.
                                      UNITED STATES DISTRICT JUDGE